**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF PUERTO RICO**

ALMA-RASNICK,

    **Plaintiff**

      **v.**

BANCO POPULAR DE PUERTO RICO,
*et al*,

    **Defendants.**

**CIVIL NO.** 11-1315 (JAG)

**MEMORANDUM AND ORDER**

On April 5 2011, plaintiff filed this diversity action alleging that defendants had identified the wrong residence in a foreclosure proceeding, resulting in damages to plaintiff's house, furniture, and belongings. Plaintiff sought damages pursuant to Puerto Rico's general tort statute, Article 1802 of the Puerto Rico Civil Code, 31 L.P.R.A. § 5141. (Docket No. 1). After defendants filed their answer, the case was referred to a magistrate judge for an initial scheduling conference. However, before the meeting could be held, plaintiff's counsel filed a motion asserting irreconcilable differences and lack of communication with his client, and requesting leave to withdraw as plaintiff's legal representation. (Docket No. 42). The magistrate judge granted the same, and gave plaintiff one month to procure new representation. (Docket No. 43). Plaintiff did not comply with this deadline.

CIVIL NO. 11-1315 (JAG)                                                    2

Two months later, defendants moved to dismiss this case on grounds of lack of prosecution by plaintiff. The Court gave plaintiff a two-week extension to respond to defendants' motion and to explain his failure to comply with the Court's deadline regarding his legal representation. Again, plaintiff did not comply. Presently before the Court, then, is defendants' motion for involuntary dismissal pursuant to Fed. R. Civ. P. 41(b). (Docket No. 44). For the reasons stated below, the Court GRANTS defendants the dismissal of this case, albeit without prejudice.

Pursuant to Fed. R. Civ. P. 41(b), a court may dismiss a plaintiff's complaint for lack of prosecution. Unless the dismissal order entered by the Court says otherwise, a dismissal under Rule 41(b) "operates as an adjudication on the merits." Id. However, dismissals under this rule are rarely granted. D.P. Apparel Corp. v. Roadway Exp., Inc., 736 F.2d 1, 4 (1st Cir. 1984). And in this Circuit, "a case should not be dismissed with prejudice except 'when a plaintiff's misconduct is particularly egregious or extreme.'" Benitez-Garcia v. Gonzalez-Vega, 468 F.3d 1, 5 (1st Cir. 2006).

Dismissal here is proper. Plaintiff has failed, on more than one occasion, to comply with Court orders. It has been almost four months since plaintiff made his last filing with this Court. Furthermore, plaintiff was put on notice that further neglect of his case entailed the dismissal of his case.

**CIVIL NO.** 11-1315 (JAG)                                                    3

(Docket No. 45); see Benitez-Garcia v. Gonzalez-Vega, 468 F.3d.

The Court received no response.

Nonetheless, defendants have not alleged, and the record does not reflect, that plaintiff has engaged in egregious misconduct. Nor have they alleged any substantial prejudice due to plaintiff's lack of prosecution. Given the "strong presumption in favor of deciding cases on the merits," the Court finds that dismissal without prejudice is the better option here. Benitez-Garcia v. Gonzalez-Vega, 468 F.3d at 5.


IT IS SO ORDERED.

In San Juan, Puerto Rico, this 30th day of May, 2012.


                                    S/ Jay A. Garcia-Gregory
                                    JAY A. GARCIA-GREGORY
                                    United States District Judge